# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH RUDY, JR., THERESE COOPER, JOHN DAVIS, FRANCIS AUBREY, DENNIS DALEY, ANGELA MAILLE, DENISE PELLETIER, SEAN O'CONNELL, TIMOTHY LEKITES, STEPHEN PARIS, ERIN DALTON, MILDRED BADILLO, *et al.* <br> Plaintiffs <br><br> v. <br><br> CITY OF LOWELL, <br> Defendant | C.A. NO. 07-11567-NMG |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY UNDER COUNT I OF THEIR COMPLAINT

**I.   SUMMARY JUDGMENT STANDARD.**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits … show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *O'Brien v. Town of Agawam*, 440 F.Supp.2d 3, 8- 9 (D. Mass. 2006), *quoting* Fed. R. Civ. P. 56(c).  "An issue is 'genuine' if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party,' and a fact is 'material' if 'it is one that might affect the outcome of the suit under

1

the governing law.'" *O'Brien, supra,* quoting *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 150 (1st Cir. 2006) (quotation omitted). "The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. The burden then "shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *O'Brien, supra,* quoting *Sands v. Ridefilm Corp.*, 212 F.3d 657, 661 (1st Cir. 2000) (*quoting DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). "The opposing party 'cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.'" *O'Brien, supra,* quoting *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995). "The court must then 'view the facts in the light most favorable to the non-moving party' and draw 'all reasonable inferences in that party's favor.'" *O'Brien, supra,* quoting *Pac. Ins. Co. v. Eaton Vance Mgmt.*, 369 F.3d 584, 588 (1st Cir. 2004) (quotation omitted).

II. **LOWELL HAS VIOLATED THE FLSA BY FAILING TO INCLUDE PREMIUMS WHEN CALCULATING OVERTIME PAYMENTS DUE THE PLAINTIFFS.**

A. **All Pay Premiums Required By The CBA Must Be Included In The Plaintiffs' Regular Rate.**

Under the FLSA, an employee who works more than 40 hours in a "workweek" is entitled to be paid "at a rate not less than one and one half times the *regular rate* at which he is employed." 29 U.S.C. § 207(a)(1)[1] (emphasis added). "Calculation of the correct

---

[1] Here is the full text of 29 U.S.C. § 207(a)(1):
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

2

'regular rate' is the linchpin of the FLSA overtime requirement." *O'Brien v. Town of Agawam,* 350 F.3d 279, 294 (First Cir. 2003). Under the FLSA, the "regular rate shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee," with the exception of an "exhaustive" list of exceptions set forth at 29 U.S.C. § 207(e); *O'Brien, supra.*[2] Importantly:

> [Section 207(e)] includes a list of exceptions to this rule, *see* § 207(e)(1)-(e)(8), but the list of exceptions is exhaustive, *see* § 778.207(a), the exceptions are to be interpreted narrowly against the employer, and the employer bears the burden of showing that an exception applies . . .." *O'Brien, supra, quoting Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966) *and Mitchell v. Kentucky Fin. Co.,* 359 U.S. 290, 295-96, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959).

As clarified by the Department of Labor's Regulations, this means that "all remuneration for employment paid to employees which does not fall within one of these seven exclusionary clauses must be added into the total compensation received by the employee before his regular hourly rate of pay is determined." 29 C.F.R. § 778.200(c).

Here, none of the premiums the Plaintiffs claim should have been factored into their regular rate of pay fall within the list of exceptions, and Lowell has violated the FLSA by failing to account for them when calculating the overtime due the Plaintiffs under the FLSA. This includes the hourly differentials the CBA requires Lowell to pay employees in the laborer/craftsmen title;[3] the additional $3 per hour it requires Lowell to

---

[2] This is the direct quote from part of the *O'Brien* decision cited:

> The statute includes a list of exceptions to this rule, *see* § 207(e)(1)(e)(8), but the list of exceptions is exhaustive, *see* § 778.207(a), the exceptions are to be interpreted narrowly against the employer, *see Mitchell v. Kentucky Fin. Co.,* 359 U.S. 290, 29596, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959), and the employer bears the burden of showing that an exception applies, *see Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966).

[3] Ex. 2, CBA, Article XXIX, Section 2.

pay employees who plow snow;[4] the additional 5% of hourly base pay it requires Lowell to pay employees who work on the second and third shifts;[5] the $150 it requires Lowell to pay employees for standby pay,[6] and the bonuses Lowell pays its employees at the Lowell Water Utility for attaining "Grade I" ($350) or "Grade IV" ($1,400) licensure.[7]

      1. The hourly differentials must be included in the Plaintiffs' regular rate.

With respect to the hourly augments Lowell pays its laborer/craftsmen, employees who plow snow, and perform work on the second or third shifts, "case law is unequivocal" that hourly augments of this type "must be included in an employee's FLSA 'regular rate.'" *O'Brien, supra.* As the First Circuit stated in *O'Brien*, *supra* at 295:

> Where an employee receives a higher wage or rate because of undesirable hours or disagreeable work, such wage represents a shift differential or higher wages because of the character of the work done or the time at which he is required to labor rather than an overtime premium. Such payments enter into the determination of the regular rate of pay. *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 46869 (1948).
>
> The Secretary of Labor has also clearly adopted this view. *See* 29 C.F.R. § 778.207(b) [8] ('The Act requires the inclusion in the regular rate of such extra premiums as nightshift differentials....')." *O'Brien v. Town of Agawam,* 350 F.3d 279, 295 (1st Cir. 2003).

The interpretative regulation cited by the *O'Brien* court in the last quoted section, 29 C.F.R. § 778.207(b), further clarifies the principle that the CBA's wage augments must be included in the Plaintiffs' regular rate:

---

[4] Ex. 2, CBA, Article XXIX, Section 18.
[5] Ex. 2, CBA, Article XXXII.
[6] Ex. 2, CBA, Article XXIX, Section 11.
[7] Ex. 2, Article XXIX, Section 14.
[8] Here is the pertinent part of 29 C.F.R. § 778.207(b):

4

4

> *Nonovertime premiums.* The Act requires the inclusion in the regular rate of such extra premiums as nightshift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour) and premiums paid for hazardous, arduous or dirty work. It also requires inclusion of any extra compensation which is paid as an incentive for the rapid performance of work, and since any extra compensation in order to qualify as an overtime premium must be provided by a premium rate per hour, except in the special case of pieceworkers as discussed in Sec. 778.418, lump sum premiums which are paid without regard to the number of hours worked are not overtime premiums and must be included in the regular rate.

As these principles apply here, each of the hourly differentials is an extra premium that the Plaintiffs are entitled to receive for non-overtime work. Working in the laborer/craftsmen title, plowing snow, or working on the second or third shifts, are all examples of work for which Lowell agreed to pay an additional premium. When calculation overtime due under the FLSA, therefore, Lowell must include the hourly differentials in the Plaintiffs' regular rate of pay. 29 U.S.C. § 207(e).

2. Standby Pay.

Likewise, Lowell must include standby pay when it calculates the overtime it must pay employees under the FLSA. Standby pay is not listed as an exception under § 207(e)(1)-(e)(8). Rather, under the regulations, "monies paid to employees to remain on call, while not related to 'any specific hours of work,' are nevertheless awarded as 'compensation for performing a duty involved in the employee's job'-namely, the employee's willingness and commitment to work unscheduled hours if requested." *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 977 (8th Cir. 2006), *quoting* 29 C.F.R. § 778.223. With respect to standby pay, therefore, "[t]he plain language of the regulation makes clear that all monies paid as compensation for either a general or specific work-related duty should be included in the regular rate." *Id.* Lowell violates the FLSA by

5

not including standby pay in calculating its employees' regular rate for FLSA overtime purposes.

                3. Certification Pay for Grade I and Grade IV Licensure.

Likewise, Lowell must include in it regular rate calculation the wages it pays its employees at the Lowell Regional Water Utility for attaining Grade I ($350) or Grade IV ($1,400) licensure from the Commonwealth.[9] "Bonuses that are explicitly promised to employees . . . must be included in the employees' regular rate." *O'Brien, supra* at 295, *citing* 29 U.S.C. § 207(e)(3); and 29 C.F.R. § 778.211 (any bonus paid pursuant to a contract must be included in the regular rate)." As the CBA promises a bonus for licensure, the FLSA requires Lowell to include it in its calculation of the Plaintiffs' regular rate of pay. 29 C.F.R. § 778.211(c). Lowell has violated the FLSA by failing to so include the licensure pay.

## CONCLUSION

For the foregoing reasons, Lowell has violated the FLSA by failing to include contractually the aforementioned mandated payments in calculating overtime due its employees under the FLSA. The wage augments, standby pay, and pay for licensure must be included in calculating its employees "regular rate of pay" for FLSA overtime purposes. The Court should enter judgment for the Plaintiffs on Count I of their Amended Complaint, and issue an order directing Lowell to comply with the FLSA in the future.

---

[9] Ex. 2, CBA, Article XXIX, Section 14.

6

6

                RESPECTFULLY SUBMITTED,

                THE PLAINTIFFS,

                By their attorney,


                s/Daniel W. Rice
                Daniel W. Rice, BBO # 559269
                GLYNN, LANDRY & RICE, LLP
                639 Granite Street, Suite 203
                Braintree, MA 02184
                (781) 964-8377
                daniel.rice@glhrlaw.com

Dated:  November 27, 2009


**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 27, 2009.

        /s/ Daniel W. Rice
        Daniel W. Rice