United States District Court
District of Massachusetts

```
_____
                              )
KEITH RUDY, JR., THERESE COOPER, )
JOHN DAVIS, FRANCIS AUBREY,   )
DENNIS DALEY, ANGELA MAILLE,  )
DENISE PELLETIER, SEAN        )   Civil Action No.
O'CONNELL, TIMOTHY LEKITES,   )   07-11567-NMG
STEPHEN PARIS, ERIN DALTON,   )
MILDRED BADILLO, et al.,      )
        Plaintiffs,           )
                              )
        v.                    )
                              )
CITY OF LOWELL,               )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This class action was brought by the unionized employees of the defendant, the City of Lowell ("the City"), for under-calculation of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The extent of the City's liability and plaintiffs' entitlement to damages have been decided. What remains for this Court's resolution is plaintiffs' motion for attorney's fees and costs.

I.  **Background**

Plaintiffs filed their complaint on August 22, 2007 and filed an amended complaint two months later identifying 88 plaintiffs. Upon cross-motions for summary judgment, the Court determined that the three wage augmentations at issue must be

-1-

included in the unionized employees' regular rate of pay.  <u>Rudy</u> v. <u>City of Lowell</u>, 716 F. Supp. 2d 130, 133 (D. Mass. 2010).  At the damages stage, the Court allowed, in part, and denied, in part, the City's motion for summary judgment.  It held that 1) the City's offset calculation, pursuant to 29 U.S.C. § 207(h)(2), must be calculated on a week-by-week basis rather than a cumulative basis, 2) a two-year statute of limitations applied and 3) the plaintiffs were not entitled to liquidated damages. <u>Rudy</u> v. <u>City of Lowell</u>, No. 07-11567, 2011 WL 915334, *8 (D. Mass. Mar. 14, 2011).  Thereafter, the Court adopted the City's formula for calculating the payment shortfall and any offsets pursuant to § 207(h)(2).

On October 11, 2011, plaintiffs filed the pending motion for attorney's fees and costs, which the City has opposed.

**II. <u>Analysis</u>**

Plaintiffs move for an award of costs and attorney's fees in the amount of $94,840.  That figure is based upon: 1) 209.5 hours of work performed by Attorney Daniel W. Rice, a partner at Glynn, Landry & Rice, LLP with over 15 years of experience in employment litigation, at a rate of $450 per hour, 2) 4.3 hours of work performed by Darlene Delaney, a legal assistant, at a rate of $50 per hour and 3) $350 in court costs.

The City concedes that plaintiffs are entitled to fees and costs but contends that the requested amounts must be reduced

because 1) the requested hourly rate is too high, 2) the hours billed by Attorney Rice are excessive and 3) plaintiffs' suit was only partially successful.

**A.   Legal Standard**

A party who prevails in an FLSA action is entitled to reasonable attorney's fees and costs. 29 U.S.C. § 216(b). The Court calculates fees under the "lodestar approach", pursuant to which the number of hours reasonably spent on the case are multiplied by a reasonable hourly rate. Marrotta v. Suffolk Cnty., 726 F. Supp. 2d 1, 4 (D. Mass. 2010) (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001)). The resulting award is presumptively reasonable but the Court may adjust it where appropriate. Lipsett v. Blanco, 975 F.2d 934, 937 (1st. Cir 1992). For instance, where

> a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.

Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

**B.   Application**

**1.   Lodestar Calculation**

The Court begins by evaluating the reasonableness of Attorney Rice's hourly rate. A reasonable rate is determined by reference to "the prevailing hourly rate in Boston for attorneys

-3-

of comparable skill, experience, and reputation." Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212, 216 (D. Mass. 2004). The party seeking fees must show that its requested rate is reasonable by proving it is similar to that charged by comparable attorneys. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

The City contends that plaintiffs' requested hourly rate is excessive, citing several instances in which courts have granted lower rates to attorneys with comparable experience. See e.g., Haddad v. Wal-Mart Stores, Inc., 455 Mass. 1024, 1026 (2010) (awarding $350 per hour to an attorney with 25 years of litigation experience, $325 per hour to an attorney with 17 years of litigation experience and $300 per hour to an attorney with 13 years of litigation experience).

In support of their requested rate, plaintiffs submit an affidavit of Attorney Rice describing his extensive experience in employment law and his success in a number of employment actions, including several FLSA actions similar to the instant case. Plaintiffs also provide examples of courts granting similarly-skilled attorneys higher rates in FLSA actions. See, e.g., Davis v. Footbridge Eng'g Servs., LLC, No. 09-11133, 2011 WL 3678928, at *5 (D. Mass. Aug. 22, 2011) (awarding $650 per hour to an attorney with 12 years of litigation experience).

Calculating the prevailing market rate is problematic

because hourly rates vary even among attorneys with similar skill and experience.  Attorneys in Boston who are comparable to Attorney Rice have been awarded between $325 per hour, see Fryer v. A.S.A.P. Fire & Safety Corp., 750 F. Supp. 2d 331, 339-40 (D. Mass. 2010), and $650 per hour, see Davis, 2011 WL 3678928, at *5.  Attorney Rice himself was awarded a rate of $350 per hour for his work on a different FLSA action in this District. Marrotta, 726 F. Supp. 2d at 5.

Here, the Court concludes that $450 per hour is excessive. While there are instances of comparably-skilled attorneys being awarded higher rates, those are generally for more complex actions or for attorneys at large firms with higher overhead.  By contrast, the scope and complexity of this case and Attorney Rice's position at a small, suburban firm indicate that the requested hourly rate is too high.  Accordingly, it will be reduced by 20% to $360 per hour.[1]

The City also suggests, unpersuasively, that the fee rate should be determined at the time the services were performed rather than at the conclusion of the case.  Not only is a "gradient rate" inconsistent with the lodestar method but the billing record clearly shows that Attorney Rice charged the same rate for his services throughout this litigation.

---

[1]  The Court declines to adjust the rate further because of Attorney Rice's purported failure to distinguish between "core" and "non-core" work.

Having determined the appropriate hourly rate, the Court turns to a consideration of the number of hours reasonably spent preparing and litigating the case. The Court draws on its "own experience and wisdom [in] deciding whether the time spent on each phase was in excess of a reasonable amount." United States v. Metro. Dist. Comm'n, 847 F.2d 12, 18 (1st Cir. 1988) (quotation marks and citation omitted).

The Court agrees with the defendant that Attorney Rice spent more time than necessary drafting the complaint and his petition for attorney's fees. Attorney Rice billed, at his standard rate, a total of 27.4 hours for drafting the complaint and the fee petition. He is experienced in FLSA suits and contends that his skill and familiarity enabled him to work efficiently but, in light of that experience, the time spent on such work was excessive. It will accordingly be reduced by half.

The City also disputes the charge for 1.9 hours of travel by Attorney Rice from Lowell to Braintree on August 26, 2010. Because, in his affidavit, Attorney Rice represented that he omitted all "travel to meetings from my office in Braintree to Lowell", the Court assumes this charge was included by mistake and will deduct it accordingly.

### 2. Adjustment of Lodestar Calculation

The Court has discretion to adjust the lodestar figure in appropriate circumstances. See Hensley, 461 U.S. at 434, 103. In

exercising that discretion, the results obtained are of "preeminent consideration." Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 338 (1st Cir. 1997). Three measures of success bear upon the amount of the ensuing fee award: 1) a plaintiff's success claim by claim, 2) the relief actually obtained and 3) the societal importance of the right which has been vindicated. Id. "If a plaintiff prevails on an insubstantial subset of her interrelated claims and obtains only limited relief," the Court may "shrink fees to reflect that inferior result." Id. at 339.

The City asserts that the requested fees are out of proportion to the limited success achieved by the plaintiffs. Specifically, the City notes that 1) plaintiffs did not prevail on their claims for liquidated damages, willfulness or their motion to amend their complaint and 2) plaintiffs were ultimately awarded only $23,587 in damages, approximately one-quarter of the attorney's fees they seek.

The Court agrees. Plaintiffs' lack of success with respect to liquidated damages and willfulness rendered the damages award significantly less than what was initially sought. As the City points out, 15 class members received no compensation, 24 class members received $10 or less and 26 received less than $100. Only four class members received more than $1,000 in damages. Furthermore, although Attorney Rice has purportedly not charged

for work on the unsuccessful claims, he has not adequately discounted fees for work done of nondescript or indeterminate merit, such as time spent 1) conferring with opposing counsel to narrow the issues, 2) conferring with the clerk and reviewing court orders, 3) drafting and revising plaintiffs' memoranda on damages and 4) preparing and appearing for oral argument.

Accordingly, the Court will reduce the lodestar calculation by one-third to account for plaintiffs' limited success.

### 3. Costs

Plaintiffs request for $350 in Court filing fees is unopposed by the defendant and will therefore be allowed.

### C. Summary

Legal fees to be awarded to the plaintiffs will be calculated by multiplying the credited hours worked (193.9) by the authorized rate per hour ($360) and reducing that product by one-third to account for plaintiffs' limited success (i.e., 193.9 x $360 = $69,804 x 0.67 = $46,536). Plaintiffs will also be awarded their unopposed requests of 1) $215 dollars for 4.3 hours of work performed Ms. Delaney at a rate of $50 per hour and 2) $350 in costs.

Accordingly, plaintiffs will be awarded a total of $47,101 in attorney's fees and costs.

**ORDER**

In accordance with the foregoing, plaintiffs' motion for attorney's fees and costs (Docket No. 73) is **ALLOWED,** in part, and **DENIED,** in part. Plaintiffs are awarded a total of $47,101 in attorney's fees and costs.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge
Dated July 31, 2012